UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11312-EFH

HERBERT WYDOM, Plaintiff vs. TOWN OF WAREHAM CONSERVATION COMMISSION

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CLAIM TO STATE COURT AND FOR A STAY

STATEMENT OF THE CASE

This case arises out of an Order of Conditions by the Defendant Wareham Conservation Commission pursuant to the Town of Wareham's local wetlands regulations (Wareham By-Law, Division VI, Wareham Protective By-Law) which denied the Plaintiff's Notice of Intent for the construction of a garage.

Count One is a complaint in the nature of certiorari pursuant to Mass. Gen. Laws, chapter 249 sec. 4, the common law and the Wareham Protective By-Law. The Plaintiff claims that the Order of Conditions denying the project was not supported by substantial evidence and was arbitrary and capricious. Further, the Plaintiff contends that there were substantial errors of law apparent on the record of the Wareham Conservation Commission on the Plaintiff's Notice of Intent and said errors adversely affected Wydom's material rights.

The case was commenced in the Plymouth Superior Court on May 17, 2005 and removed by the Defendant to this court on or about June 23, 2005.

ARGUMENT

42 U.S.C. 1441(c) provides that:

1

"(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

The determination of Count One turns on the standard set forth in state law concerning complaints in the nature of certiorari. See G.L. c. 249:4; Fieldstone Meadows Development Corp. vs. Conservation Commission of Andover, 62 Mass. App. 265 (2004); and Fafard vs. Conservation Commission of Reading, 41 Mass. App. 565 (1996). Therefore, state law predominates in Count One.

The federal court is not to sit as a super zoning or planning board, and by analogy should also not sit as a super conservation commission. See Creative Environments vs. Estabrook, 680 F. 2d. 822 (1st. Cir. 1982 ).

The outcome of the constitutional claims will depend upon a determination of the certiorari claim, so the constitutional claims should be stayed pending a determination by the state court of the certiorari claim.

CONCLUSION

For the reasons stated above the Plaintiff's Motion to Remand Claim to State Court and for a Stay should be allowed.

PLAINTIFF
HERBERT WYDOM
By his Attorney

Margaret A. Ishihara, BBO#247930
Law Office of Margaret A. Ishihara
86 Church St.
Mattapoisett, MA. 02739
Telephone: (508) 758-6981
Date: 17 October 2005

2

CERTIFICATE OF SERVICE

I hereby certify that I have served the within document, and the Assented to Plaintiff's Motion to Remand Claim to State Court a for a Stay, by mailing a copy first class mail postage pre paid to:

Deborah I Ecker
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA. 02116

Date: 18 October 2005

Margaret A. Ishihara

3